[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that dismissed the petition of pro se appellant Larry Kennedy for postconviction relief.
 {¶ 2} The undisputed facts of this case are as follows. On March 17, 1988, appellant was indicted and charged with one count of aggravated murder, in violation of R.C. 2903.01(B), and one count of felonious assault, in violation of R.C. 2903.11(A)(2). Firearm specifications were attached to both counts of the indictment and a physical harm specification was attached to the felonious assault charge. Attorney C. Allen McConnell was appointed as counsel to represent appellant in the trial court proceedings, and on April 25, 1988, appellant entered pleas of not guilty. Subsequently, appellant withdrew his not guilty pleas and entered a plea of guilty on the first count to the lesser included offense of murder in violation of R.C. 2903.02. On June 28, 1988, appellant was sentenced to serve a term of incarceration of 15 years to life and the state entered a nolle prosequi on the second count of the indictment and all of the specifications. Appellant did not appeal his conviction and sentence.
 {¶ 3} On April 25, 1991, appellant filed an R.C. 2953.21 petition for postconviction relief in the court below. In that petition, appellant asserted that his trial counsel was ineffective in the advice that he had provided and in information he had relayed to appellant regarding a witness. In a judgment entry of February 1, 1992, the lower court dismissed appellant's petition finding that he had provided no grounds upon which relief could be granted.
 {¶ 4} On September 24, 2001, appellant filed his second petition for postconviction relief. In that petition, appellant cited two grounds for relief: that he received ineffective assistance of counsel because his trial counsel was not certified to represent indigent defendants in capital cases; and that he was denied his rights to due process and equal protection when the trial court failed to explain to him that the Ohio Adult Parole Authority ("OAPA") was not bound by the plea agreement and could consider the original charges against him in determining his eligibility for parole. The state responded with a motion to dismiss in which it asserted that the trial court did not have jurisdiction to hear the merits of appellant's successive petition.
 {¶ 5} On April 16, 2002, the lower court filed findings of fact, conclusions of law and a judgment entry dismissing appellant's petition. In pertinent part, the court determined that the petition was untimely and that, as a successive petition, it did not satisfy the requirements of R.C. 2953.23(A). It is from that judgment that appellant now appeals, assigning the following as error:
 {¶ 6} "1. The trial court erred in denying appellant's petition for post-conviction [sic] when he was unavoidably delayed in discovering the facts that would have allowed him to file the petition or appeal.
 {¶ 7} "2. The trial court erred in holding that the appellant's plea agreement was not breached by the Ohio Adult Parole Authority.
 {¶ 8} "3. The trial court erred in not holding an evidentiary hearing on appellant's petition for post-conviction [sic] pursuant to R.C. 2953.22."
 {¶ 9} R.C. 2953.21(A)(2), which was amended in 1995, currently provides that where no appeal is taken from a judgment of conviction, a petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of time for filing the appeal." Section 3, Am.Sub.S.B. No. 4, effective September 21, 1995, however, permitted persons sentenced prior to the effective date of the revision, one year beyond that effective date to file a petition for postconviction relief. Appellant's petition was clearly untimely as it was filed some thirteen years after his conviction and sentence and five and one-half years after the period of the savings clause. The petition was also appellant's second petition for postconviction relief. When a petition is untimely or is a successive petition, a court must proceed in accordance with R.C. 2953.23. That statute provides: "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply: (1) Either of the following applies: (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 10} In dismissing appellant's petition, the trial court found that the petition was untimely and that the requirements of R.C. 2953.23(A) had not been satisfied. Upon review, we must agree. Appellant contends that he was unavoidably prevented from discovering that Attorney McConnell was not certified to handle capital cases and that he only learned of McConnell's lack of certification when he received a letter from the Supreme Court of Ohio in August 2001 in response to his inquiry regarding McConnell's qualifications. The record is clear. The indictment charging appellant with aggravated murder did not include a death penalty specification as such is defined by R.C. 2929.04(A) and R.C. 2941.14(C). Accordingly, pursuant to R.C. 2929.03(A), the court could not impose the death penalty upon appellant following his conviction. Attorney McConnell's qualifications to represent a defendant in a capital case were therefore irrelevant regardless of when appellant learned of those qualifications.
 {¶ 11} With regard to R.C. 2953.23(A)(1)(b), appellant has not asserted that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him.
 {¶ 12} Because appellant did not establish either of the prongs of R.C. 2953.23(A)(1), the trial court correctly held that it was without jurisdiction to review the merits of appellant's second petition for postconviction relief and correctly dismissed the petition. State v.Patton (May 1, 1998), Lucas App. No. L-97-1261. Although the court also considered the merits of appellant's claims regarding the OAPA, such consideration was not proper under R.C. 2953.23. State v. Kinion (Sept. 30, 1997), Wood App. No. WD-97-026. Appellant's assignments of error are therefore not well-taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs are assessed to appellant.
 JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., Arlene Singer, J., CONCUR.